UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.  Case No.: 8:14-cr-379-T-36TGW

EUCLIDES TOUS CALLE
_____/

**O R D E R**

This matter comes before the Court upon the Defendant's Motion to Dismiss. Doc. 562. The United States filed a response in opposition. Doc. 568. In the motion, Defendant argues that the United States acted without jurisdiction, and there are no facts sufficient to establish by clear and convincing evidence that he was guilty of the offense charged. The Court, having considered the motion and being fully advised in the premises, will deny Defendant's Motion to Dismiss.

**DISCUSSION**

On August 29, 2014, Defendant was arrested while on the MV Hope II, north of Punta Cuango, Panama. Doc. 1 at 4. Defendant was charged with, and pleaded guilty to, conspiracy to possess with intent to distribute five kilograms or more of cocaine while on board a vessel subject to the jurisdiction of the United States, which violates 46 U.S.C. §§ 70503(a) and 70506(a) and (b). *See* Doc. 545. The Court committed Defendant to prison for a term of sixty-three months. *Id.*

Defendant now argues that based on the Eleventh Circuit case of *United States v. Bellaizac-Hurtado*, 700 F. 3d 1245 (11th Cir. 2012), his case should be dismissed. In *Bellaizac-Hurtado*, the Eleventh Circuit held that the Maritime Drug Law Enforcement Act ("MDLEA") Title 46 U.S.C, § 70501, *et seq*. exceeded Congress's authority under the clause granting Congress authority to define "Offences against the Law of Nations." *Id*. at 1258. The Eleventh Circuit determined that

the MDLEA was unconstitutional as applied to defendants charged with conspiracy to possess cocaine and possession of cocaine with intent to distribute for conduct in Panamanian waters. *Id*.

But the Eleventh Circuit recently explained:

> In *Bellaizac–Hurtado,* we determined that the MDLEA was unconstitutional as applied to the facts in that case. 700 F.3d at 1258. There, we specifically determined that, "[b]ecause drug trafficking is not a violation of customary international law, ... Congress exceeded its power, under the Offences Clause, when it proscribed the defendants' conduct in the territorial waters of Panama." *Id*. We explained that we had "never held that Congress has the power, under the Offences Clause, to apply our drug trafficking laws to the conduct in the territorial waters of another State." *Id*. at 1257. However, in *Bellaizac–Hurtado,* **we affirmed Congress's authority to restrict conduct on the high seas pursuant to the Piracies and Felonies Clauses.** *Id*.

*Hernandez v. United States*, 542 Fed. Appx. 865 at 868 (11th Cir. 2013) (emphasis added).

Cases from the Middle District of Florida have reiterated that *Bellaizac-Hurtado* provides no relief to those arrested in international waters. *E.g. Guzman-Dearco v. United States*, 2013 WL 3992401, at \*\*2-3 (M.D. Fla. 2013); *Cordobo-Rodriguez v. United States*, 2013 WL 3802802, at \*1 (M.D. Fla. 2013); *Hinestroza v. United States*, 2013 WL 3776691, at \*2 (M.D. Fla. 2013). Further the Eleventh Circuit has also consistently defined the "territorial seas" of a nation as twelve nautical miles from the nearest point of land. *United States v. McPhee*, 336 F. 3d 1269, 1273 (11th Cir. 2003).

As stated in the Department of State's Certification filed in this case, and in Defendant's plea agreement's "Factual Basis," the MV Hope II was outside of the twelve nautical mile threshold; it was 33 nautical miles from the nearest point of land during the interdiction process. *See* Docs. 110-1, 132 at 18. Thus, the MV Hope II was in international waters, not Panamanian waters, and the United States had jurisdiction. *Accord U.S. v. Zambrano*, 8:08-CR-221-T-23MAP, 2013 WL 980588, at \*2 (M.D. Fla. Mar. 13, 2013) (noting that the Coast Guard's certification and

the defendant's plea agreement placed the vessel approximately 108 nautical miles of Panama which placed the vessel "unquestionably" in international waters).

Accordingly, it is hereby **ORDERED**:

1. Defendant's Motion to Dismiss (Doc. 562) is **DENIED**.

**DONE AND ORDERED** in Tampa, Florida on June 10, 2019.

Charlene Edwards Honeywell
United States District Judge

Copies to:
Counsel of Record and Unrepresented Parties, if any